UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

TURNER VERMON,

Plaintiff,

v.

MIKLESON, *et. al.*,

Defendants.

Case No. 2:26-cv-03205-GMN-EJY

**ORDER**

Pending before the Court is Plaintiff's Application to proceed *in forma pauperis* ("IFP"). ECF No. 1. Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if he submits a financial affidavit demonstrating that he "is unable to pay such fees or give security therefor." The Ninth Circuit recognizes "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015).

An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). Misrepresentation of assets is sufficient grounds, by itself, for denying an *in forma pauperis* application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application). If the Court determines that an individual's allegation of poverty is untrue, "it shall dismiss the case." 28 U.S.C. § 1915(e)(2). If an individual is unable or unwilling to verify his poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed *in forma pauperis*. *See, e.g., Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding

that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty.").

Plaintiff's IFP application is at best incomplete. Plaintiff represents that he has no income and leaves blank the section of the application asking him to identify any debts. ECF No. 1 at 1-2. At the same time, Plaintiff spends roughly a thousand dollars a month on rent, electricity, and a car loan payment. *Id.* at 2. Thus, it is unclear to the Court how he pays for these monthly expenses given his lack of income, and apparently, no debt.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff has one opportunity to file a complete long form IFP application **no later than December 4, 2026**. Alternatively, Plaintiff may pay the filing fee.

IT IS FURTHER ORDERED that the Court will retain, but not file Plaintiff's Complaint unless and until he timely files a complete IFP application or pays the filing fee.

IT IS FURTHER ORDERED that the Clerk of the Court must send Plaintiff the approved long form application to proceed *in forma pauperis* by a non-prisoner, as well as the document entitled information and instructions for filing an *in forma pauperis* application.

IT IS FURTHER ORDERED that if Plaintiff fails to comply with this Order, either by failing to submit the long form IFP application or failing to pay the filing fee, the Court will recommend this matter be dismissed in its entirety.

Dated this 4th day of November, 2026.

Elayna J. Youchah

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE